# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDUARDO PAUL CUSTODIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-01162 JAR |
| ) | |
| CECILIA MARIANELA TORRES SAMILLAN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion for Leave to File Amended Answer and To File Brief Opposing Petitioner's Complaint for Return of Child. (Doc. No. 38) Petitioner opposes the motion. (Doc. No. 41) For the following reasons, Respondent's motion will be granted in part.

**Background**

Petitioner filed his Complaint for Return of Child on July 28, 2015 (Doc. No. 1) and a First Amended Complaint on August 7, 2015. (Doc. No. 5) On August 10, 2015, the Court issued an Order to Show Cause regarding the First Amended Complaint and set the matter for hearing on August 25, 2015. (Doc. No. 7) Respondent filed a pro se response letter on August 25, 2015 which the Court has construed as an Answer. (Doc. No. 9) Both parties appeared for the show cause hearing, Petitioner, through counsel and Respondent, pro se. At that time, a hearing on Petitioner's complaint was scheduled for September 10, 2015.

On September 10, 2015, Respondent again appeared pro se and was assisted by an interpreter. The Court heard arguments from both sides and admitted certain of Petitioner's

exhibits into evidence. After Petitioner rested his case, Respondent orally requested a continuance for a number of reasons. Over Petitioner's objection, the Court granted Respondent a continuance to allow her additional time to seek counsel and set the matter for hearing on September 24, 2015.

On September 24, 2015, Respondent again appeared pro se, having been unable to retain counsel. Additional evidence was presented and the Court interviewed the children on the record in chambers. The matter was taken under submission and the parties granted until October 2, 2015 to file their written submissions in support of and in opposition to Petitioner's Amended Complaint and scheduled a hearing on October 8, 2015. (Doc. No. 17) Both parties filed their submissions on October 2, 2015. (Doc. Nos. 20, 21, 22)

On October 8, 2015, the Court allowed Petitioner's counsel to examine the children in open court. At the end of this proceeding, and with the agreement of the parties, the Court continued the case for one week to give the parties an opportunity to discuss a resolution and ordered a status report, due October 16, 2015. (Doc. No. 26) After being advised that the parties engaged in settlement discussions and that progress was made but no settlement reached, the Court appointed limited scope counsel for Respondent to facilitate further discussions and ordered the parties to update their status report by November 3, 2015. (Doc. No. 29) On November 3, 2015, the parties advised the Court that a settlement had not been reached. (Doc. Nos. 31, 33) Respondent requested additional time to continue to explore settlement and the Court granted the parties one final extension of seven days to continue their discussions. (Doc. No. 34) Given that the parties are now at an impasse, counsel for Respondent has agreed to represent Respondent pro bono and filed a general appearance on her behalf. (Doc. No. 36)

**Discussion**

Respondent now seeks leave to amend her answer pursuant to Federal Rule of Civil Procedure 15(a) and file a memorandum in opposition to Petitioner's amended complaint for return of child. Rule 15(a) applies to amendments before trial. Because Respondent's request comes after the parties have presented evidence and submitted arguments to the Court, Rule 15(b), which applies to amendments during and after trial, governs. Under Rule 15(b), leave to file an amendment may be granted under two conditions: 1) after a party has made an objection to evidence that is not within the issues raised in the pleading; or 2) after an issue has been tried by express or implied consent. Fed. R. Civ. P. 15(b)(1), (2). The first condition is inapplicable because neither party made an objection to evidence not within the issues raised in the pleadings. The second condition may be applicable; however, the Court cannot make this determination without first reviewing Respondent's proposed amendment. Thus, the Court will defer ruling on Respondent's motion for leave to file an amended answer and direct Respondent to file her proposed amendment. The Court will permit Respondent to file a post-trial memorandum, not to re-litigate her entire case, as Petitioner argues, but rather to clarify her position, which will further inform the Court in its determination of the issues. Petitioner will be given an opportunity to respond.

In his opposition to Respondent's motion, Petitioner complains of "numerous delays and continuances." The Court is acutely aware that the purpose of the Hague Convention is to secure the "prompt return" of children to their habitual residence. See 42 U.S.C.A. 11601, *et seq*. Accordingly, the Court has given this case appropriate priority. As set out above, the Court has held a number of hearings and finds there has been no undue delay.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion for Leave to File Amended Answer and To File Brief Opposing Petitioner's Complaint for Return of Child [38] is **GRANTED** in part. Respondent shall file her proposed amended answer no later than **Monday, November 23, 2015** and her post-trial brief no later than **Tuesday, November 24, 2015**. Any reply shall be filed no later than **Tuesday, December 1, 2015.**

Dated this 19th day of November, 2015.

                                                                                              **JOHN A. ROSS**
                                                                                              **UNITED STATES DISTRICT JUDGE**